**James O. GORMAN, Plaintiff-Appellant,**

v.

**ARMY AND AIR FORCE EXCHANGE SERVICE, Defendant-Appellee.**

**No. 79–1495.**

United States Court of Appeals, Fifth Circuit.

June 27, 1980.

Edward B. Cloutman, III, Dallas, Tex., for plaintiff-appellant.

Judith A. Shepherd, Asst. U.S. Atty., Dallas, Tex., Carll J. Kretsinger, Major USAF, HQ Army and Air Force Exchange Service, Asst. Gen. Counsel, Dallas, Tex., Thomas W. Petersen, Commercial Litigation Branch, Civil Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before GOLDBERG, GARZA and REAVLEY, Circuit Judges.

REAVLEY, Circuit Judge:

As in *Sheehan v. Army & Air Force Exchange Service,* No. 79–1471, 619 F.2d 1132 (5th Cir. 1980), the sole issue on this appeal is whether the district court possessed subject matter jurisdiction to con-

sider an action alleging wrongful discharge. This suit was initiated by James Gorman against the Army & Air Force Exchange Service ("AAFES") after administrative remedies proved futile.

Gorman was employed as a merchandising specialist with the AAFES in its Executive Management Program. He received final notice of separation and thereafter exhausted administrative appeal. Suit was filed in the district court against the AAFES alleging that the discharge was (1) arbitrary and capricious and an abuse of discretion, (2) not in accordance with the AAFES personnel rules and regulations, (3) a deprivation of due process, and (4) not supported by substantial evidence. Gorman sought reinstatement; back pay, along with restoration of all other employment benefits; an attorney's fee; and costs. The district court dismissed the suit for want of subject matter jurisdiction.

Today in *Sheehan* we hold that the district court had subject matter jurisdiction for a virtually identical suit under a confluence of 28 U.S.C. §§ 1331(a), 1346(a)(2) (1976) and 5 U.S.C. § 702 (1976). Although sections 1331(a) and 1346(a)(2) were not specified as bases for jurisdiction in Gorman's complaint, since the allegations meet the statutory requirements, the lower court had jurisdiction despite the omission. *See Andrus v. Charlestone Stone Products Co.*, 436 U.S. 604, 607 n.6, 98 S.Ct. 2002, 2005 n.6, 56 L.Ed.2d 570 (1978); *Schlesinger v. Councilman*, 420 U.S. 738, 744 n.9, 95 S.Ct. 1300, 1306, 43 L.Ed.2d 591 (1975). For the reasons stated in *Sheehan*, we hold that the lower court had subject matter jurisdiction.

REVERSED AND REMANDED.